\*L. H. BOND V. VILLAGE OF MADISONVILLE.

CONTRACT BETWEEN A MUNICIPAL CORPORATION AND AN ATTORNEY AT LAW FOR PROFESSIONAL SERVICES.

> When a contract is entered into between the council of a village of this state, and an attorney at law, by the terms of which the latter was to render his professional services to the village in all prosecutions commenced before the mayor thereof, of persons who might be charged with the violation of a " Sunday ordinance," passed by the council of said village; he to receive therefor from such village the reasonable value of said services, and at the time of the making of such contract, the clerk of said village did not *first* or *ever* certify that the money required for said contract was in the treasury of said village, to the credit of the fund from which it was to be drawn, and not appropriated for any other purpose, and there was in fact no money in the treasury for such purpose unappropriated at the making of said contract, the contract under the terms of sec. 2702 Rev. Stat. is absolutely void, and no recovery can be had for the value of any services rendered under the same.    And the fact that the amount contracted to be paid therefor was wholly uncertain, and could not be definitely ascertained at the making of the contract, or that the services were to be rendered for the preservation of peace and good order in the village, did not take it out of the provision of said section.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, C. J.

By the original petition of the plaintiff, he sought to recover against the villiage of Madisonville, in this county, a judgment for the sum of $1,100 with interest, which he claimed as a balance due to him, as the value of services rendered by him as an attorney at law for the village, at its request, in the prosecution of sundry cases in which persons had been charged before the mayor with the violation of a Sunday ordinance passed by the counsel of the village.

The answer filed by the village alleges that the defendant is a municipal corporation under the laws of the state of Ohio, and that at the time the plaintiff claims to have been employed to·perform the services mentioned in the petition,

---

＊This case was followed by the circuit court in Bond v. Madisonville, 2 Ohio Circ. Dec. — (s. c. 4 C. C. R., 312) ; and is cited in Rhoades v. Toledo, 3 Ohio Circ. Dec. — (s. c. 6 C. C. R., 9, 18); also by the common pleas in Ampt. v. Cincinnati, 2 Ohio Dec., 504, 510.

It was cited by the common pleas in Bridge Co. v. Walters, upon liability of county to pay for a bridge void because statute was not complied with, 4 Ohio Dec., 134, 138.  It was approved by the circuit court in Holmes v. Avondale, 5 Ohio Circ. Dec., 189.

and when he says the obligation or liability of the village to him was incurred, there was no money in the treasury of the village to the credit of the fund from which such services were to be paid for (if paid at all), and that the clerk of the village did not then, or at any time, first certify that the money required for any such contract or obligation, was in the treasury to the credit of such fund, unappropriated for any other purpose. Nor was such certificate ever filed or recorded, nor was any money ever set apart for such expenditure.

There was also a general denial of all the material averments of the petition not admitted to be true.

The reply of the plaintiff avers, that when the agreement was made between him and the defendant, that he was to act as the attorney of the village, it was not known that any legal services would have to be performed by him. It was simply agreed that if he *did* render such services, that he should receive such compensation therefor as was just and reasonable, and consequently that the clerk could not then certify to the facts which it is claimed he should have certified to. And he further alleges that his said service was rendered in enforcing in the courts an ordinance for the preservation of peace and good order in such village.

A general demurrer to this reply was sustained by the court of common pleas, and the plaintiff not desiring further to plead, his petition was dismissed, to which action he excepted ; and the question now presented by his petition in error is, was this judgment right.

This depends upon the construction to be given to sec. 2702, Rev. Stat., which restricts the power of municipal corporations in the making of contracts, appropriations and expenditures. It reads as follows : Sec. 2702. No contract, agreement or other obligation involving the expenditure of money, shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money be passed by the council, or by any board or officer of a municipal corporation, unless the auditor of the corporation—and if there is no auditor the clerk thereof—shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury, to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded ; and the sums so certified shall not thereafter be considered unappropriated, until the corporation is discharged from the contract, agreement or obligation, or so long as the ordinance, resolution or order is in force ; and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed contrary to the provisions of this section shall be void." * * *

It is clear that Col. Bond in this case is seeking to recover on a contract which he says he had with the village. He admits, (by nor denying the averments of the answer), that the clerk of the village never made the certificate required in certain cases by this statute, and that there was in fact at no time money in the village treasury applicable to the payment of any such demand. The contract sued on therefore, in our opinion, is by the express terms of the statute, absolutely void and can not be enforced, unless for some reason a case of this kind is not one of those prohibited to be made without a compliance with the terms of this statute.

It is claimed by the plaintiff in error, that such is the fact. He concedes, as we understand it, that this case is within the *letter* of the statute, but argues that it is not within its spirit, for two reasons, viz.: 1st. That under the contract as made, or any similar one, it would be impossible for the clerk to know what amount would be payable under it, and therefore he could not, in the proper discharge of his duty, make any such certificate ; and that of necessity, it must be held that the statute was intended to apply only to cases where a fixed sum is agreed upon by the parties ; that the object of the law, as stated by the plaintiff, in his written argument, was " to prevent extravagant contracts, agreements and

obligations, with reference to the improvement and repair of streets, pavements, sewers, bridges and other property."

But is it not equally probable, that the legislature, in passing this statute, intended to prevent extravagant contracts, agreements and obligation as to *other* matters, as well as those named; to make it apply as well to the contracts for the fees of lawyers and other professional men, and indeed to all the contracts of the municipal corporation with other persons? There is certainly nothing in the language of the statute which makes any distinction, and we see no good reason why contracts of this kind should be taken out of the inhibition of the section. We think it was the manifest intention of the law-makers, that *no* contract liability should be incurred by a municipal corporation, for an amount greater than the unappropriated funds in the treasury would meet, and as a security to the corporation that such was the case, that the certificate of the clerk to the fact, must be first made and recorded, or the contract or ordinance be invalid. And it is no answer to this to say that the *amount* of the liability of the corporation, under a contract of this kind, *cannot* be ascertained. It is essential to the validity of a contract, that it should be ascertained, and doubtless it was the intention of this legislation, to prevent the making of such an indefinite and uncertain contract, in so far as the amount to be paid under it is concerned. And it was probably in the mind of the legislature, that a contract with a municipal corporation could be much more easily procured, when the amount did not clearly and explicitly appear, than when it did. And this provision, which, in our judgment, substantially requires the gross amount that will have to be paid under the contract, to be first fixed or determined, or the contract to be so explicit in its terms that the clerk may, by calculation, know and certify that the amount to meet the same is in the treasury unappropriated, will operate as a great safe-guard against extravagant and improvident contracts.

But it is also urged that all contracts and liabilities incurred by the council of a municipal corporation, connected with the administration of justice and the enforcement of the ordinances of the village, and the preservation of peace and good order therein, stand on a different footing from that of other contracts and agreements, and that this too is so as a matter of necessity; that it could not have been the intention of the legislature to require a formality of this kind to be gone through with every time an attorney was consulted, as to a point of law, or engaged to conduct a prosecution, or an order is issued to a witness for his fee, or payment made for any like purpose.

We see no exception of this kind in the statute, nor do we think that if followed in its spirit, any such trouble or inconvenience as is suggested by counsel would be likely to result. Would it not be a substantial compliance of the provisions of the section under consideration, for the council of a village, having ascertained the amount that would probably be required during the quarter or year next ensuing, to pay for expenses of this character, by ordinance to set aside and appropriate such sum as in its judgment will be needed for such purpose, to be drawn in the manner pointed out therein, which ordinance can be duly certified by the clerk?

This we suppose would be substantial compliance with the provisions of this law; but even if there should be doubt as to this, we are satisfied that there was no liability imposed upon the village, by this contract, and that the judgment of the court of common pleas in sustaining a demurrer to the reply and dismissing the petition was right, and should be affirmed.

L. H. Bond, for plaintiff in error.
Oliver Jones, for defendant in error.